1
2
3
4
5
6                        UNITED STATES DISTRICT COURT
7                               DISTRICT OF NEVADA
8                                      * * *
9    PHILIP STOTT,                          Case No. 3:17-cv-00081-MMD-VPC
10                         Petitioner,                    ORDER
11        v.
12   HAROLD WICKHAM, *et al.*,
13                         Respondents.
14

15          This habeas matter under 28 U.S.C. § 2254 comes before the Court on

16   petitioner's application to proceed *in forma pauperis* (ECF No. 1), on his motions (ECF

17   Nos. 1-2 & 1-3) submitted with the petition, and for initial review of the petition under

18   Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").

19          On the pauper application (ECF No. 1), the Court finds that petitioner is not able

20   to pay the filing fee within a reasonable time and therefore will grant the application.

21          Petitioner's motion to file a longer than normal petition (ECF No. 1-2) will be

22   denied as unnecessary because the petition as submitted did not violate any applicable

23   page limitations.

24          On the motion for appointment of counsel (ECF No. 1-3), the Sixth Amendment

25   right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*,

26   791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a

27   district court to appoint counsel to represent a financially eligible petitioner whenever

28   "the court determines that the interests of justice so require." The decision to appoint

counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

The Court does not find that the interests of justice require that counsel be appointed in this case. The issues do not appear to be unduly complex; petitioner had the assistance of counsel on both direct appeal and in the state post-conviction proceedings to develop his claims; and petitioner has demonstrated an adequate ability to articulate the claims *pro se* in federal court with the resources available to him. From a preliminary review, it does not appear at this juncture that an evidentiary hearing necessarily will be required as to either the merits or a procedural defense. While almost any lay litigant perhaps would be better served by the appointment of counsel, that is not the standard for appointment. The motion presented does not lead to a contrary finding by the Court. The motion therefore will be denied.

Following initial review of the petition, the Court will direct a response.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted and that petitioner will not be required to pay the filing fee.

It is further ordered that the Clerk of Court file the petition.

It is further ordered that the Clerk file the motions submitted with the petition, that the motion to file a longer than normal petition (ECF No. 1-2) is denied as unnecessary, that the motion for appointment of counsel (ECF No. 1-3) is denied, and that the Clerk will reflect these actions on the motions in a manner consistent with the Clerk's current practice when docketing the motions.

It is further ordered that the Clerk informally electronically serve the Nevada Attorney General with a copy of the petition and this order, along with regenerated notices of electronic filing of the remaining filings herein.

///

It is further ordered that respondents will have sixty (60) days from entry of this order within which to respond to the petition. Any response filed must comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.[1]

It is further ordered that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim. ///

_____

[1]While petitioner's *pro se* allegations are fairly sparse, Grounds 1 through 5 appear to correspond to at least state law claims addressed on direct appeal in No. 57135 in the state appellate courts and Ground 6 corresponds to a claim addressed on the state post-conviction appeal in No. 68036 in those courts. While respondents of course remain free to assert any procedural defenses that they wish to present, the Court notes its inclination at this juncture to resolve any fairly presented federal claims that were resolved on the merits by the state courts also on the merits in federal court under the applicable standard of review. The Court accordingly did not direct petitioner to amend the pleadings during screening. In this regard, the state supreme court's holding in No. 57135 on the state law question relating to the federal claim in Ground 1 potentially may eliminate the underlying premise for that federal claim, if exhausted as a federal claim in the first instance.

It is further ordered that respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally must send a hard copy of all exhibits filed to, for this case, the Reno Clerk's Office.

It is further ordered that petitioner will have thirty (30) days from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of Court for filing.

It is further ordered that all requests for relief must be presented by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure. The Court and the Clerk do not respond to letters and do not take action based upon letters, other than a request for a status check on a matter submitted for more than ninety days. Further, neither the Court nor the Clerk can provide legal advice or instruction.

It is further ordered that the State of Nevada is dismissed as a respondent, pursuant to the state sovereign immunity recognized by the Eleventh Amendment.

DATED THIS 18th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE