UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PHILIP STOTT,

    Petitioner,

v.

HAROLD WICKHAM, *et al.*,

    Respondents.

Case No. 3:17-cv-00081-MMD-VPC

ORDER

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on petitioner's motion to stay and for leave to amend (ECF No. 14). Respondents have opposed (ECF No. 15).

Petitioner commenced this action with the filing of his petition in February 2017. Petitioner challenges a state court judgment of conviction in which he was adjudicated a habitual criminal. On December 18, 2017, respondents filed a motion to dismiss. Respondents argue that several of the petitioner's claims are unexhausted and/or noncognizable. Petitioner did not file any opposition to the motion to dismiss and instead has moved to stay and amend his petition.

In his motion, petitioner asserts that he is currently exhausting his state court remedies with respect to a claim that his sentence violates due process because several of his prior felonies, which were the foundation of his habitual criminal adjudication, have been reduced to misdemeanors pursuant to California State Proposition 47. That particular claim does not appear in the petition currently before the Court. Accordingly,

///

the Court construes petitioner's motion, in part, as a motion to amend his petition to include a claim based on Proposition 47.

Petitioner has failed to attach a proposed amended petition to his motion to amend as required by Local Rule 15-1, thereby preventing respondents from effectively responding to the motion. The motion for leave to amend will therefore be denied without prejudice.

As to petitioner's motion to stay, the Court finds the motion to be premature, as it has not yet determined which, if any, of the claims in the petition are unexhausted, and petitioner has not conceded that he has any unexhausted claims. To the extent petitioner is seeking a stay so he can exhaust his Proposition 47 claim, the motion is denied because the petition does not include any such claim. Moreover, petitioner has failed to demonstrate good cause for failing to exhaust all his claims in state court before filing his federal petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[S]tay is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and the claims are not "plainly meritless."). The motion to stay will therefore be denied.

In accordance with the foregoing, it is therefore ordered that petitioner's motion for leave to amend (ECF No. 14) is denied.

It is further ordered that petitioner's motion for stay and abeyance (ECF No. 14) is denied.

It is further ordered that petitioner shall file any opposition to the respondents' motion to dismiss within thirty (30) days of the date of entry of this order.

DATED THIS 12th day of April 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE