UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PHILIP STOTT,

Petitioner,

v.

HAROLD WICKHAM, *et al.*,

Respondents.

Case No. 3:17-cv-00081-MMD-VPC

ORDER

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss. (ECF No. 10.) Petitioner has opposed by asking for a stay and abeyance (ECF No. 18), and Respondents have replied (ECF No. 20).

I. **Background**

Petitioner challenges his state court conviction, pursuant to a guilty plea, of two counts of burglary and his adjudication as a habitual criminal. (ECF No. 6; Ex. 11.)[1]

On July 7, 2010, an information was filed charging petitioner with two counts of burglary and one count of being a habitual criminal. (Ex. 4.) On July 16, 2010, Petitioner entered a plea of guilty to the two burglary counts. (Exs. 7 & 8.) Pursuant to the parties'

---

[1] The exhibits cited in this order, which comprise the relevant state court record, are located at ECF Nos. 11, 12, 13, 16, 23 and 25.

1

plea agreement, the State agreed to dismiss or not pursue several other criminal charges and to seek to adjudicate Petitioner as a habitual criminal with respect to only one of the two counts. (*See* Ex. 8 at 5.)

Sentencing took place on October 22, 2010, at which time the trial court adjudicated Petitioner a habitual criminal on the basis of several prior convictions out of California. The court sentenced Petitioner to a term of ten years to life on one count, and a concurrent term of 48 to 120 months on the other. (Ex. 10.) Judgment of conviction was entered on October 26, 2010. (Ex. 11.)

Petitioner appealed, and the Nevada Supreme Court affirmed. (Exs. 12, 26 & 37.) Petitioner thereafter filed a *pro se* petition for writ of habeas corpus in state court. (Ex. 87.) Appointed counsel filed a supplemental petition. (Ex. 43.) Following an evidentiary hearing, the district court denied relief, and Petitioner appealed. (Exs. 52, 53, 57 & 68.) The Nevada Court of Appeals affirmed. (Ex. 72.)

On January 27, 2017, Petitioner dispatched the instant federal habeas petition for filing. (ECF No. 6 at 1.) After the filing his federal habeas petition, Petitioner moved for a modification of his sentence in state court. (Ex. 75.) The motion sought relief based on the retroactive reduction of several of Petitioner's prior felonies to misdemeanors pursuant to California Proposition 47. Petitioner's appeal of the district court's denial of that motion remains pending before the Nevada Court of Appeals. (*See* Exs. 121 & 122.) Petitioner does not assert any claim in the instant petition based on Proposition 47 but has indicated a desire to amend his petition to include such a claim once it is exhausted.

Respondents now move to dismiss the petition, in part, on grounds of cognizability and exhaustion.

**II.     Cognizable Claims**

Respondents argue that Grounds 1, 4, 7(a) and 7(c) are not cognizable on federal habeas review.[2]

---

[2] The Court adopts the numbering of Ground 7 as proposed by Respondents.

In Ground 1, Petitioner argues that his due process rights were violated because NRS § 207.010 does not permit a life sentence as an enhancement for a category B felony. (ECF No. 6 at 3.) To the extent Petitioner asserts a standalone violation of § 207.010, such a claim is not cognizable in this action. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). While Petitioner presents Ground 1 as a violation of his federal due process rights, a habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1997). A claim may lie only where a sentencing error was "so arbitrary or capricious as to constitute an independent due process violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (citations omitted); *see also Cooks v. Spalding*, 660 F.2d 738, 739 (9th Cir. 1981) ("Violations of state law, without more, do not deprive a defendant of due process. Habeas corpus relief for an asserted violation of due process is available only when the state court's action is arbitrary or fundamentally unfair."). Apart from the assertion that Petitioner's sentence violates state law, the petition provides no basis for concluding that the sentence was so arbitrary or capricious that it violates his federal due process rights. Accordingly, Ground 1 does not sufficiently plead a federal due process rights violation and pleads only a state law violation. Ground 1 will therefore be dismissed.

In Ground 7(a), Petitioner alleges that his rights to a speedy trial and effective assistance of counsel were violated because his trial counsel continued the preliminary hearing several times without asking for Petitioner's consent. (ECF No. 6 at 15.) In Ground 7(c), Petitioner alleges that trial counsel never investigated his case. (*Id.*) Respondents argue that Petitioner's entry of a guilty plea waives both claims pursuant to *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea

by showing that the advice he received from counsel was not" "within the range of competence demanded of attorneys in criminal cases." *Tollett*, 411 U.S. at 266-67. However, "claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017).

Petitioner's claim with respect to his speedy trial rights is precluded pursuant to *Tollett* as it is an independent constitutional claim that arose prior to entry of his guilty plea. While ineffective assistance of counsel claims bearing on the voluntary and knowing nature of a guilty plea may be cognizable, the Court finds it difficult to conceive how counsel's continuances of the preliminary hearing without Petitioner's consent could have prevented Petitioner from making an informed choice whether to plead. More importantly, Petitioner does not argue as much. Accordingly, Ground 7(a) will be dismissed as non-cognizable.

Ground 7(c) asserts that counsel advised him to plead without investigating his case. The claim is not precluded by *Tollett* to the extent Petitioner asserts counsel's failure to investigate prevented him from making an informed choice to plead.[3] In all other respects, however, the claim is precluded by *Tollett* and must be dismissed.

In Ground 4, Petitioner asserts that before entering his guilty plea as to seven of the eight prior convictions used to support his habitual criminal adjudication, he was never informed that the convictions might be used to enhance a future sentence. (ECF No. 6 at 13.) He asserts that this violated his due process rights.

It is clear that Petitioner is no longer in custody on any of his prior convictions, and he thus may not attack them directly in a petition for writ of habeas corpus. 28 U.S.C. § 2254(a). There are limited circumstances under which a state habeas petitioner may challenge prior convictions used to enhance a current sentence. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (petitioner may challenge a prior

---

[3]Ground 7(c) is, however, unexhausted. *See infra* § III.

4

conviction used to enhance his sentence where he was not appointed counsel at all with respect to the prior conviction); *Dubrin v. People of California*, 720 F.3d 1095, 1099 (9th Cir. 2013) (petitioner can attack a prior conviction used to enhance a sentence where he "cannot be faulted for failing to obtain timely review of a constitutional challenge"). However, none appear to be present here, and Petitioner has not alleged that any exception applies. Accordingly, Petitioner has not presented a cognizable claim in Ground 4 of his petition, and the Court will dismiss Ground 4.

### III. Exhaustion

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Respondents argue that Ground 3 is not exhausted because, although it was presented factually to the Nevada Supreme Court, it was not presented as a violation of the federal Constitution. Respondents further argue that Ground 2 is unexhausted because, although presented to the Nevada Supreme Court as a Fourteenth Amendment claim, it was not presented as a Fifth Amendment claim. Finally, respondents argue that Ground 7(c), alleging that trial counsel was ineffective for failing to investigate Petitioner's

case, was never presented as a factual matter to the state courts.[4] In his opposition, Petitioner concedes these claims are unexhausted.

The parties are correct that Ground 3 is unexhausted because it was never presented as a federal constitutional claim in the state courts. (Ex. 26 at 17-20.)[5] The parties are also correct that Petitioner never presented the state's highest court with a claim that trial counsel was ineffective for failing to investigate, and thus Ground 7(c), to the extent cognizable, is unexhausted.[6] However, Ground 2 is exhausted. While it was raised as a Fourteenth Amendment due process claim in state court and is now presented as a Fifth Amendment due process claim, there is no functional difference between these claims in the context of this case. Ground 2 is therefore exhausted.

## IV. Motion to Stay

In his opposition, Petitioner reasserts his request that the Court stay his petition while he exhausts a claim related to California Proposition 47 and, once it has been exhausted, reopen this case and allow Petitioner to amend his petition to include that claim.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court

---

[4]Respondents further contend that Grounds 1 and 7(a) are unexhausted, but as those claims are dismissed as non-cognizable, the Court need not address that contention.

[5]Page citation is to CM/ECF generated number at the top of the page.

[6]Although Petitioner did argue in his state post-conviction appeal that his plea was not voluntary and knowing because counsel failed to file a motion to suppress and promised Petitioner that he would not be adjudicated a habitual criminal, neither of these arguments amounts to an assertion that counsel failed to investigate.

6

> would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Ineffective assistance of post-conviction counsel can also constitute good cause. Blake, 745 F.3d at 982-83.

Petitioner has not demonstrated good cause. To the extent Petitioner suggests that the recent reduction of his prior felonies to misdemeanors pursuant to Proposition 47 provides cause, the Court is not persuaded.[7] All but one of the reductions were granted in February 2016 well before Petitioner filed his federal petition. (*See* Ex. 75 at 8-15). The last was granted in April 2017. While the Court recognizes that it would then take some time to exhaust the claim in state court, Petitioner did not attempt to exhaust his Proposition 47 claim until October 12, 2017, a year and a half after most of his reductions were granted and five months after the last reduction was granted. Under these facts, the Court cannot find cause. As petitioner does not otherwise provide an argument for cause,

---
[7]As noted, no Proposition 47 claim is currently part of the petition.

a stay under these circumstances would be an abuse of discretion.[8] The renewed request to stay and abey will therefore be denied.

### V. Options on a Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;
2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or
3. File a motion for other appropriate relief.

While Petitioner may file a renewed motion to stay and abey, he is cautioned that no stay will be granted absent showings of good cause for the failure to exhaust and that his claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). If Petitioner fails to file a motion as set forth above, his petition will be dismissed without prejudice as a mixed petition.

### VI. Motion to Seal

In connection with filing a supplement to the record, Respondents have moved to file two exhibits under seal: Exhibits 85 and 86. Exhibit 85 is a psychological and substance abuse evaluation and Exhibit 86 is Petitioner's presentence investigation report, both of which are confidential documents. In accordance with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the Court finds that a compelling need to protect the privacy and/or personal identifying information of Petitioner in the sealed exhibits outweighs the public interest in open access to court

---

[8]The Court would note that it moreover has serious doubts that Petitioner's Proposition 47 claim amounts to a constitutional violation. *See United States v. Diaz*, 838 F.3d 968, 974 (9th Cir. 2016) (finding that defendant was properly subject to federal enhancement based on two felonies that were subsequently reduced to misdemeanors pursuant to California Proposition 47).

8

records. The motion for leave to file Exhibits 85 and 86 under seal (ECF No. 24) is therefore granted, and Exhibits 85 and 86 are considered properly filed under seal.

**VII.  Conclusion**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 10) is granted in part and denied in part as follows:

1. The motion to dismiss Grounds 1, 4 and 7(a) as non-cognizable is granted;
2. The motion to dismiss Ground 7(c) as non-cognizable is granted in part and denied in part as set forth above;
3. Grounds 3 and 7(c) are unexhausted; and
4. Ground 2 is exhausted.

It is further ordered that Petitioner's renewed request for a stay and abeyance is denied.

It is further ordered that Respondents' motion for leave to file under seal (ECF No. 24) is granted.

It further is ordered that Petitioner has thirty (30) days from entry of this order within which to mail to the Clerk for filing either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claims; (2) a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or (3) other appropriate relief, such as a renewed motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

DATED THIS 8th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE